No. A-CV-26-82

COURT OF APPEALS OF THE NAVAJO NATION

January 24, 1983

Allen TOM, Appellant,

vs.

Irene B. TOM a/k/a Irene JOHNSON, Appellee.

Wilbert Tsosie, Esq., of Shiprock, Navajo Nation (New Mexico) for Appellant, and Loretta Morris, Esq., of DNA People's Legal Services, Inc., Crownpoint, Navajo Nation (New Mexico) for Appellee.

ARGUMENT BEFORE THE COURT

The briefs filed by the parties show that the legal question before this court is rather simple. On November 15, 1976 the trial court ruled that appellant Allen Tom was the father of two children and ordered him to "pay in the amount of $50.00 child support to plaintiff. . . ." In November of 1981 the appellee, Irene B. Tom, asked the court to modify its judgment to read "$200.00 per month child support." Following a hearing, on September 28, 1982 the district court found that there was an oversight in the original order, and that it should have said "$50.00 per month." The court denied the request to raise the amount of child support and another to order back child support payments. $50.00 per month was ordered.

On appeal the father of the children argues that the original judgment could be read to be a one-time support payment of $50, that the order was defectively vague and that the court could not modify the original order in any way.

The Chief Justice must now decide whether there is probable cause to grant an appeal.

THE VAGUENESS QUESTION

Is there a fair dispute of the law applicable to this situation so as to require a hearing by the full court of appeals?

The general principle of certainty in a judgment is that

> "It is a fundamental rule that a judgment
> should be complete and certain in itself, and
> that the form of the judgment should be such

as to indicate with reasonable clearness the decision which the court has rendered, so that the parties may be able to ascertain the extent to which their rights and obligations are fixed, and so that the judgment is susceptible of enforcement in the manner provided by law. A failure to comply its this requirement may render a judgment void for uncertainty." 46 Am.Jur.2d, Judgments Sec. 67.

However that does not mean that any judgment which may be vague or uncertain is invalid. Courts are permitted to review their judgments to say what they mean, and that review is not an act of changing the judgment. Id. Sec. 72. Judgments are just like any written document, and the main thing to look for when reviewing a judgment is the intention of the court which made it. Id., Sec. 73. In trying to construe a judgment a court can look at the entire document and read it, along with the entire record of the case, the applicable law and rules of procedure, the kind of proceeding and what it accomplishes and like matters. Id. Sec. 76. The court's review should be such as to give the judgment force and effect, and there is a presumption that the court intended to make a valid judgment. Id., Secs. 73, 74.

One last important principle is that judgments are to be given a practical construction, and not a highly-technical one. Id., Sec. 75.

Therefore the situation in this case should be viewed to see if there is a vagueness in the judgment causing a genuine question of law in dispute.

## APPLICATION OF A RULE OF PRACTICAL CONSTRUCTION

### - Navajo Custom Law

It is plain under the customary law of the Navajo People that a father of a child owes that child, or at least its mother, the duty of support. It is said that if a man has a child by a woman and fails to pay the woman money to support it, "He has stolen the child." In other words, the man who receives the benefit and joy of having a child is a thief if he does not share in the worldly burdens of taking care of it. This Navajo custom lays the groundrule of support, and the conclusion to be drawn from the principle given is that a man must pay as much as is necessary for the child, given his abilities and resources at any given time.

The Anglo-European legal rule is the same. See Clark, The Law of Domestic Relations in the United States, Sec. 6.2 (1968). The foundation for the English and American rule is stated in very basic terms:

"The duty of parents to provide for the maintenance of their children, is a principle of natural law; an obligation . . . laid on them not only by nature herself, but by their own proper act, in bringing them into the world: for they would be in the highest manner injur-

ious to their issue, if they only gave their children life that they might afterwards see them perish. By begetting them, therefore, they have entered into a voluntary obligation to endeavor, as far as in them lies, that the life which they have bestowed shall be supported and preserved. And thus the children will have the perfect _right_ to receiving maintenance from the parents." I Blackstone, _Commentaries on the Laws of England_ 447. (Emphasis in the original).

### - The Practical Application of the Duty to Support

The appellant father is, in effect, asking the court to let him off completely free of any obligation to his children other than a one-time payment of $50. Courts cannot accept arguments which would make a basic obligation a farce. It is obvious, given the duty to support children in a way which fits the parent's ability and property that there is a continuing a changing obligation. Therefore it is ridiculous to assume that the only obligation the father had was to pay $50.

This practical approach is reinforced by common knowledge of the legal principle that a court order fixing child support can be modified at any time. In this case the mother came into court asking for an arrearage payment and an increase of child support, and the father cannot be said to be injured or prejudiced by the court's order refusing an increase or payment of an arrearage.

## MODIFICATION OF JUDGMENTS

Rule 23 of the Navajo Rules of Civil Procedure gives the court the power to reopen a case to correct errors in the interest of justice. The failure to put the words "per month" in the original judgment was certainly an error that justice required to correct. This is not a situation where the doctrine of _res adjudicata_ applies, since the mother was not asking for relief which had already been ruled upon (as in whether there was paternity in the first place), but she was only asking for an interpretation and clarification of the original judgment.

## CONCLUSION

This case stands as a good warning to members of the Navajo Bar and the Navajo Judiciary that judgments must be carefully prepared in order to fully and clearly express the intent of the court. Judgments should be carefully prepared by counsel, carefully read by judges and executed only if the court is satisfied the judgment is proper. While there are mechanisms to correct vague or sloppy judgment documents, justice requires that the drafting be done correctly in the first place. This saves litigants the pain and expense of more litigation, and it saves work for the courts.

The appellant's moving documents on appeal show no debatable question of law with respect to the fact situation posed, and therefore there is no probable cause to grant an appeal.

APPEAL DISMISSED.